```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                      :
JAMOR J. DEMBY,                       :
                                      :
          Petitioner,                 :   Civ. No. 22-0027 (NLH)
                                      :
     v.                               :   OPINION
                                      :
ROBERT L. CHETIRKIN, et al.,          :
                                      :
          Respondents.                :
_____:

APPEARANCES:

Jamor J. Demby
000982910B
East Jersey State Prison
Lock Bag R
1100 Woodbridge Road
Rahway, NJ 07065

     Petitioner Pro se

HILLMAN, District Judge

Petitioner Jamor J. Demby filed a "petition for change of location of incarceration" under 18 U.S.C. § 3624(g)(2)(a). ECF No. 1.

Petitioner is "a state prisoner serving a custodial sentence of 26 years. I have a remainder of 37 months left upon my sentence. I have served more than 90% of my confinement." ECF No. 1 at 1. He asks the Court to place him into home confinement for the remainder of his sentence. Id. at 7.

Section 3624(g) is part of the First Step Act of 2018 and permits the Federal Bureau of Prisons to place certain prisoners in pre-release custody, including home confinement.  For purposes of § 3624, "[t]he term 'prisoner' means a person who has been sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or a person in the custody of the Bureau of Prisons."  18 U.S.C. § 3635(4).  Petitioner is in state custody, not the Bureau of Prisons' custody, so this statute does not apply to Petitioner.  The Court cannot grant relief to Petitioner under § 3624.

The Court also lacks jurisdiction over the petition to the extent it could be considered a petition for writ of habeas corpus under 28 U.S.C. § 2254.  See McKnight v. United States, 27 F. Supp. 3d 575, 579 (D.N.J. 2014) ("Section 2254 supplies federal jurisdiction over habeas petitions filed by the inmates challenging their state convictions or sentences, or the execution of those state sentences, including the issues of parole, term calculation, etc.").  Petitioner has already filed a § 2254 petition challenging his state court conviction in this District.  See Demby v. Balicki, No. 08-5966 (D.N.J. Apr. 29, 2013).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") restricts this Court's jurisdiction over a second or successive § 2254 petition.  "Before a second or successive application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." 28 U.S.C. § 2254 Rule 9. Absent this authorization, the Court lacks jurisdiction over any second or successive § 2254 petition. Burton v. Stewart, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this petition to the Third Circuit for consideration as it does not appear that Petitioner can meet § 2244's requirements for filing a second or successive petition.

3

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)-(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for lack of jurisdiction is correct.

An appropriate order will be issued.


Dated: July 6, 2022                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

4